United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

JOHN SHEK,

               Plaintiff,

  v.

NATIONAL LABOR RELATIONS
BOARD, REGION 32 and
CALIFORNIA NURSES ASSOCIATION/
C.H.E.U.,

               Defendants.
                                           /

No. C 11-00212 WHA

**ORDER DISMISSING ACTION
FOR LACK OF SUBJECT-MATTER
JURISDICTION**

### INTRODUCTION

Plaintiff John Shek seeks relief directing the National Labor Relations Board to reconsider its decision to dismiss an unfair labor practice charge against plaintiff's union. Via separate motions, defendants both move to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. This order agrees that subject-matter jurisdiction is lacking.

### STATEMENT

Plaintiff filed his initial complaint herein as a Verified Petition for Writ of Administrative Mandate. It alleges the following facts: Plaintiff was laid off from his job at Children's Hospital in Oakland in April 2010. He was reportedly dismissed due to staffing reductions at the hospital. Plaintiff contested the dismissal, arguing that he was terminated for reasons unrelated to staffing

reductions. Plaintiff protested that his termination was not determined according to seniority, as required by the collective bargaining agreement with the union.

In May 2010, plaintiff was told he was to be reinstated in his former position. When plaintiff arrived for work, however, he was "denied the position," and told to wait for his manager, Cedric Wilson, in the parking lot. After waiting for Wilson to arrive, plaintiff decided to drive to get lunch for himself but on the way got a flat tire. While he attempted to get his tire fixed, Wilson was allegedly "following [plaintiff] everywhere." Plaintiff called Ms. Husband, manager of human resources at the hospital, to report Wilson's behavior. Husband told plaintiff to ask Wilson to call her. After Wilson got off the phone, he shouted at plaintiff, "Don't you ever come back to work place [sic] without further notice." Plaintiff "obtained a police report" about this incident and requested to meet with Husband and his union representative, Nato Green, but "nothing was done." Plaintiff was reinstated in his former position and received back pay, but he was not given full-time work. Plaintiff asserts in his complaint that extra work hours were given to "on call" workers.

It appears from the complaint that plaintiff then filed a grievance with the union subsequent to these incidents. Plaintiff then filed a charge against the union with the National Labor Relations Board, claiming that the union "failed to process a grievance on [his behalf] concerning the employer's failure to give him available hours for discriminatory, arbitrary or other unlawful reasons" (Dkt. No. 12-1 at 4). After investigation, the Regional Director for Region 32, on behalf of the Acting General Counsel of the Board, declined to issue a complaint, determining that the union "reasonably exercised its lawful discretion in grievance processing" (Dkt. No. 12-1 at 5–7).

Plaintiff brought this action for an order directing the Board to reconsider its decision. Additionally, plaintiff attempts to bring, via his proposed amended complaint, numerous other claims against "defendants" concerning two other alleged instances of discrimination.

Defendants — the Board and the union — move to dismiss the complaint (Dkt. Nos. 6 and 12). Plaintiff moves for leave to file an amended complaint and to stay (Dkt. Nos. 16, 21, 30, 42,

2

52, 54, 56, 58–59, 61).  Plaintiff appends a proposed amended complaint (Dkt. No. 52-1), and also files several separate requests for judicial notice (Dkt. Nos. 33, 53, 66–67).

**ANALYSIS**

Plaintiff's sole request for relief in his complaint is for an order to the Board to set aside its decision to dismiss plaintiff's charge against the union, discussed above, and to make the Board reconsider that decision.  No subject-matter jurisdiction exists to hear such a claim, and the proposed amended complaint would not cure the jurisdictional flaw.  Moreover, the complaint alleges no claim against the union.  This action must accordingly be dismissed.

The Board's General Counsel "shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints."  29 U.S.C. 153(d).  "The Board's General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint."  *Vaca v. Snipes*, 386 U.S. 171, 182 (1967); *see also N.L.R.B. v. United Food & Commercial Workers Union, Local 23*, 484 U.S. 112, 130 (1987) ("prosecutorial" decisions by the Board "cannot be judicially reviewed under the NLRA").  Therefore, jurisdiction to review the decision by the Board at issue here is clearly absent.

Plaintiff raises several unavailing arguments to the contrary:

*California Government Code Section 11523*: In his complaint, plaintiff asserts subject-matter jurisdiction under this state code section (Compl. 4).  Federal courts, however, are courts of limited jurisdiction, and a state law cannot confer federal subject-matter jurisdiction.

*Taft-Hartley Act*: Plaintiff asserts that the Taft-Hartley Act, 29 U.S.C. 185, provides jurisdiction (Dkt. No. 30 at 3).  The Act, however, is inapplicable to this action as it applies to "[s]uits for violation of contracts *between an employer and a labor organization*" (emphasis added).  This action is not against an employer but against the Board.

*Leedom v. Kyne*: Plaintiff next contends that the district court has jurisdiction to enjoin the Board from acting in a manner clearly contrary to the NLRA (Dkt. No. 21 at 2).  In *Leedom v. Kyne*, 358 U.S. 184, 188 (1958), the Supreme Court held that jurisdiction existed to review a decision by the Board where the suit was "one to strike down an order of the Board made in

3

excess of its delegated powers and contrary to a specific prohibition in the Act." Declining to prosecute does not violate the NLRA and plaintiff fails to challenge anything other than an exercise of prosecutorial discretion.

*Fay v. Douds*: Plaintiff invokes *Fay v. Douds*, 172 F.2d 720, 723 (2d Cir. 1949), which allowed jurisdiction where a party in a labor dispute asserted a non-frivolous claim of a constitutional violation (Dkt. No. 21 at 2). *Fay*, however, is inapplicable, given that plaintiff does not bring a constitutional claim against the Board. Even if he amended to do so, the fact remains that this controversy arises from an unreviewable exercise of prosecutorial discretion by the Board.

*List of Other Statutes*: Plaintiff lists several statutes to attempt to cure the lack of subject-matter jurisdiction: Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Labor-Management Reporting and Disclosure Act, the National Labor Relations Act, and the "Federal Common Law of Collective Bargaining Agreement" (Dkt. No. 56 at 2). None of these statutes creates subject-matter jurisdiction to review the Regional Director's declination to issue an unfair labor practice complaint. Plaintiff's assault on the non-reviewability of the Regional Director's prosecutorial decision is foreclosed by a clear line of contrary authority. Subject-matter jurisdiction is thus lacking to hear the request for relief made by plaintiff's complaint.

Again, plaintiff's initial complaint solely requests an order that the Board set aside and reconsider its decision to dismiss plaintiff's charge against the union. There is no request for relief specifically brought against the union itself, and thus no independent basis for jurisdiction on such ground.

In his proposed amended complaint, plaintiff raises a number of new legal claims, including violation of his Title VII civil rights, intentional infliction of emotional distress, negligent infliction of emotional distress, libel, and breach of the duty of fair representation (Dkt. No. 52-1). The proposed amended complaint would not, however, cure the jurisdictional

4

flaw in the original complaint identified above. These statutes fail to address the fact that the General Counsel's decision is an unreviewable exercise of prosecutorial discretion by the Board.

Nor would the proposed amended complaint properly seek federal relief against the union. It is unclear from plaintiff's amended complaint whether he even intended to bring these new claims directly against the union. Even if he did, the claims, as written in the amended complaint, do not state a claim for relief.

Without jurisdiction to bring his claim against the Board and no assertion of or ground on which to bring separate claims against the union, this action must be dismissed.

**CONCLUSION**

For the reasons stated, subject-matter jurisdiction is lacking to hear plaintiff's case which proposes to challenge a discretionary decision by the Board. Defendants' motions to dismiss (Dkt. Nos. 6 and 12) are therefore **GRANTED** and this action is **DISMISSED**. As plaintiff's proposed amended complaint could not cure the jurisdictional flaw, his motions to file an amended complaint are **DENIED**, and his motions to stay are **DENIED AS MOOT**. Plaintiff's motions regarding ADR and electronic filing (Dkt. Nos. 63–65) are also **DENIED AS MOOT**. His requests for judicial notice do not concern adjudicative facts and are thus **DENIED**.

Plaintiff's next step, if this case is to be pursued, is to file a timely notice of appeal and proceed to the court of appeals.

**THE CLERK SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: July 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5